## KENNER'S SYNDICS, vs. SIMS.

Parol evidence cannot be received of a promise to pay conventional interest.

The syndics are not to admit the compensation of a debt of the insolvent transferred since the failure.

APPEAL from the court of the first district.

MATTHEWS, J. delivered the opinion of the court. In this case the plaintiffs claim from the defendant $6744 dollars, which they allege to be due to the estate of the insolvents for merchandize, and money advanced by them to said defendant, &c. The answer contains a general denial of the debt, and also, of any

agreement to pay interest at the rate of 10 per cent. per annum. A plea of compensation is found in it, amounting to $4000. The court below rendered judgment in favor of the plaintiffs for $6323, from which the defendant appealed.

In the course of the trial in the district court, the plaintiffs offered to give parol evidence of an agreement by the appellant to pay an interest of ten per cent. &c. which was objected to by his counsel, and the objection being sustained by the court, the appellees took a bill of exceptions, &c. The judge *a quo* was correct in refusing to hear the testimony offered. Conventional interest must, according to law, be fixed by writing; and testimonial proof of it is not admissible in any case. *See the old code*, 408, *and Lon. code*, art. 2895. By the judgment of the district court, the defendant was denied any benefit from his plea in compensation, in consequence of having acquired the debt due by the insolvents since their failure. This part of the judgment appealed from, is in conformity with a decision made by the supreme court in the case of *Boissier's Syndics*, vs. *Belair*, rep. in *Vol*. 1, beginning at *Page* 481, and which was finally decided, as may be

seen in *Vol. 2, Page* 29. We do not doubt the correctness of our decision in that case, and consequently, cannot question the propriety of the judgment of the court below in the present, so far as it relates to the acceptance of the insolvents, pleaded in compensation.

The counsel for the appellees endeavoured to establish a written agreement on the part of defendant to pay interest, resulting from a correspondence carried on between him and the bankrupts, in relation to the balance, *on account*, claimed in the present suit. The letters received in evidence do not, in our opinion, prove any contract to pay interest, and the judgment of the district court is erroneous, so far as it allowed any, after the last statement of the accounts current rendered in 1824. At that time, the balance, as struck, was $5685 81 cents; and this amount alone, we are of opinion, the plaintiffs have a right to recover.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be avoided, reversed and annulled; and it is further ordered, that the plaintiffs and appellees do recover from the defendant and appellant, five thousand six hundred and eighty-five dollars and eighty-one cents, and that the appellees pay the costs of this appeal.

*Hennen* for the plaintiffs, *Peirce* for the defendant.